## Ernst et al. v. Houser.

*Negligence—Damages—Inadequate—Verdict—Father and son—New trial.*
1. In an action by a father and son for injuries to the son, where the evidence shows substantial damages for both, and the jury returns a verdict of one dollar for the father and nothing for the son, a new trial will be ordered.
2. In such case, the verdict of one dollar for the father, however inadequate, convicts the defendant of negligence.

Motion for new trial.  C. P. Schuylkill Co., July T., 1924, No. 497.

*R. P. Swank*, for plaintiff.

*John F. Whalen, T. A. McCarthy* and *John B. McGurl*, for defendant.

BERGER, J., Nov. 9, 1925.—This is an action of trespass to recover damages resulting from an automobile collision, alleged to have been caused by the defendant's negligence.  The collision occurred June 20, 1923, while the automobile of Albert Ernst was being driven by his minor son, Jeremiah, and the plaintiff, Albert Ernst, has declared for damages in his own right and in the right of his minor son.  The jury found a verdict in the sum of $1 for Albert Ernst in his own right, and in favor of the defendant on the claim for the minor son.  The plaintiff has filed a motion for a new trial, assigning as his reasons:  (1) That the verdict is against the law;  (2) that it is against the evidence;  (3) that it is against the weight of the evidence;  and (4) that it is against the charge of the court.

The uncontradicted evidence submitted to establish the damages of Albert Ernst in his own right shows his loss to have been $269.12.  The jury's award of $1, based upon this testimony, however inadequate it may appear to be, nevertheless, convicts the defendant of negligence.  For the pain and suffering endured by Jeremiah Ernst, properly proved, the jury awarded nothing. He was entitled to some damages.

The verdict of the jury is inconsistent, and the damages awarded are inadequate.  It was rendered in disregard of the evidence, and the law, and the charge of the court.  A new trial is, therefore, granted.  See Bradwell v. Railway Co., 139 Pa. 405, 413, 414;  Hammaker v. Watts Township, 71 Pa. Superior Ct. 554, 558.  Rule for a new trial is hereby made absolute.
From M. M. Burke, Shenandoah, Pa.